**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PETER SCHOELZEL,

          Plaintiff,

v.                                Case No. 6:14-cv-1633-Orl-37TBS

VOLUSIA COUNTY, FLORIDA,

          Defendant.

**ORDER**

This cause is before the Court on the Defendant Volusia County, Florida's Motion to Dismiss (Doc. 8), filed January 5, 2015.

**BACKGROUND**

On October 7, 2014, Plaintiff Peter Schoelzel initiated this action against his former employer, Defendant Volusia County, Florida. (Doc. 1.) Plaintiff alleges that: (1) Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1213(d), when it forced him to resign his position as an Information Technology Activity Director/Manager on May 18, 2012 ("Count One") (*see id.* ¶¶ 28–35); and (2) Defendant's "willful, wanton, and outrageous" discriminatory conduct toward Plaintiff during his employment amounted to intentional infliction of emotional distress under Florida law ("Count Two") (*see id.* ¶¶ 36–39). Plaintiff alleges that "[a]ll conditions precedent to the filing of this action have occurred or been waived" based on his filing of a "Complaint of Discrimination with the Florida Commission on Human Relations" ("FCHR") on April 13, 2013.[1] (*Id.* ¶¶ 24, 27.)

---

[1] Plaintiff did not submit a copy of his FCHR Complaint with his Complaint;

Defendant filed a Motion to Dismiss on the following grounds: (1) Plaintiff has not exhausted his administrative remedies with respect to Count One; (2) upon dismissal of Count One, no basis for jurisdiction will exist concerning Count Two; and (3) Count Two is barred by sovereign immunity. (Doc. 8.) Because the deadline for Plaintiff to respond to the Motion to Dismiss has passed without a filing from Plaintiff, *see* Local Rule 3.01(b), the Court infers that Plaintiff does not oppose the Motion.[2]

## STANDARDS

Before filing a claim under the ADA, a Florida plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the FCHR "within 300 days of the allegedly unlawful employment practice." *See Fatz v. Winn-Dixie Stores, Inc.*, No. 6:12-cv-1668-Orl-36DAB, 2013 WL 4080330, at *3 (M.D. Fla. Aug. 13, 2013); *see also EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (holding that, in Florida, only those employment discrimination "claims arising within 300 days prior" to an administrative charge are actionable); *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, (11th Cir. 2001) (citing 42 U.S.C. § 12117(a) for same proposition). The question whether a plaintiff has exhausted his administrative remedies is "a legal determination for the Court." *See Brooks v. CSX Transp., Inc.*, No. 3:09-cv-379-J-32HTS, 2009 WL 3208708, at *5–*6 (M.D. Fla. Sept. 29, 2009). A defendant

---

however, he did submit a "Notice of Determination: Cause" issued by the FCHR on October 13, 2012. (*See* Doc. 1–1 (determining that "reasonable cause exists to believe that an unlawful employment practice occurred"); *see also* Doc. 1, ¶ 25.)

[2] *See Carmody v. State Farm Mutual Auto. Ins. Co.*, 6:14-cv-830-Orl-37KRS, 2014 WL 3057108, at *2 (M.D. Fla. Jul. 7, 2014) (granting motion to dismiss because it was "consistent with Florida law" and unopposed); *Cortez v. City of Orlando, Fla.*, No. 6:13-cv-164-Orl-28TBS, 2013 WL 1821048, at *1 (M.D. Fla. Apr. 30, 2013) (granting motion to dismiss as unopposed); *see also Patton v. Ocwen Loan Servicing, LLC*, No. 6:11-cv-445-Orl-19DAB, 2011 WL 3236026, at *2 n. 3 (M.D. Fla. July 28, 2011) ("Failure to oppose a motion raises an inference that the party does not object to the motion.").

should raise the exhaustion question in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Duble v. FedEx Ground Package Sys., Inc.*, 572 F. App'x 889, 892 (11th Cir. 2014); *see also Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1325, 1330 (M.D. Fla. 2013).

When ruling on a 12(b)(6) motion, the court must "accept all factual allegations in the complaint as true," and must consider only the pleading itself, "documents incorporated by reference, and matter of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004); *see also* Fed.R.Civ.P. 10(c). With reference only to the non-conclusory and well-pled facts, the Court must determine whether the plaintiff states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

Defendant argues that the Court should dismiss Count One because Plaintiff filed his FCHR Complaint 332 days after the last alleged discriminatory act. (*See* Doc. 8, pp. 2, 4.) Defendant's unopposed argument is correct. The Complaint provides that Plaintiff filed his FCRA Complaint on April 15, 2013 (Doc. 1, ¶ 24), and the last allegedly discriminatory act (the termination of Plaintiff's employment) occurred on May 18, 2012. (*See id.* ¶ 21.) By the Court's calculation, March 15, 2013, was the deadline to file an administrative complaint for the alleged May 18, 2012 ADA violation. Accordingly, Count One is due to be dismissed. *See Brady v. Postmaster Gen.*, 521 F. App'x 914, 917 (11th Cir. 2013) (affirming dismissal of ADA claim based on untimely exhaustion of administrative remedies); *Camp v. Bridgeway Center, Inc.*, (dismissing ADA claim due

to plaintiff's filing of administrative charge more than 300 days after termination of her employment); *Brooks*, 2009 WL 3208708, at *6–*7 (granting motion to dismiss for failure to exhaust remedies); *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 425 (11th Cir. 2010) (affirming dismissal of Title VII claim for failure to timely exhaust administrative remedies); *J.P. v. Cherokee Cnty. Bd. of Educ.*, 218 F. App'x 911, 913–914, n.3 (11th Cir. 2007) (affirming dismissal of IDEA and ADA claims based on untimely exhaustion of administrative remedies); *Babicz v. School Bd. of Broward Cnty.*, 135 F.3d 1420, 1422 (11th Cir. 1998) (same).

Defendant argues that the Court should dismiss Count Two because no basis exists for the Court to exercise jurisdiction over the state law claim. (*See* Doc. 8, p. 5.) Again, Defendant's unopposed argument is correct. The only ground for jurisdiction identified in the Complaint is federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. (*See* Doc. 1, ¶ 2.) Because Count Two is not a federal question claim, Plaintiff has pled no grounds for jurisdiction over Count Two. (*See id.*) Further, the parties to this action are not diverse, and the Complaint does not indicate that the $75,000.00 amount in controversy requirement is met (*see id.* ¶¶ 3–5); accordingly, § 1332 does not apply. Finally, after dismissal of Count One, Count Two also is due to be dismissed because the Court will not exercise supplemental jurisdiction under § 1367(a). *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Volusia County, Florida's Motion to Dismiss (Doc. 8) is **GRANTED**.

4

2. The Complaint and Demand for Jury Trial (Doc. 1) is **DISMISSED Without Prejudice**, and the Clerk is directed to **CLOSE** this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 27, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record